```
JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

ANDREW P. CAPUTO (CSBN 203655)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone:  (415) 436-7004
    Fax:  (415) 436-7234
    Email: andrew.caputo@usdoj.gov

Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>WICKETT MORRIS,<br><br>    Defendant. | No. CR 08-0887 MHP<br><br>STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME FROM SPEEDY TRIAL ACT CALCULATION (18 U.S.C. § 3161(h)(8)(A)) |

With the agreement of the parties, and with the consent of defendant Wickett Morris, the Court enters this order documenting defendant's exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), from February 2, 2009, until February 23, 2009. The parties agree, and the Court finds and holds, as follows:

1.   Defendant has reported a rupture in his communications with his appointed counsel, Kenneth Wine, and is in the process of attempting to retain alternative counsel. The Court determined that it would be appropriate to give defendant until February 23 to attempt to retain an alternative lawyer. Since the Speedy Trial Act clock was scheduled to reach 70 days on February 18, the Court determined that it was necessary and appropriate to exclude time under the Speedy Trial Act until the next calling of the case on February 23. The parties agree that this

exclusion is warranted in light of defendant's counsel situation, since failing to grant the requested exclusion would unreasonably deny defendant continuity of counsel by making it impossible for Mr. Wine and defendant to attempt to work out their differences, due to the press of an imminent trial; since failing to grant the requested continuance would unreasonably deny defendant's counsel reasonable time necessary for effective preparation, because any new counsel Mr. Morris would retain could not be prepared for trial by February 18; and since it would be likely to result in a miscarriage of justice if Mr. Morris were forced to undergo trial by February 18, given the unsettled situation with his representation.

2.  Given these circumstances, the Court found that the ends of justice served by excluding the period from February 2, 2009, until February 23, 2009, outweigh the best interest of the public and the defendant in a speedy trial.  Id. at § 3161(h)(8)(A).

3.  Accordingly, and with the consent of the defendant, at the hearing on February 2, 2009, the Court ordered that the period from February 2, 2009, until February 23, 2009, be excluded from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A), (B)(i), and (B)(iv).

IT IS SO STIPULATED.

DATED: February 3, 2009                /s/
                                       KENNETH H. WINE
                                       Attorney for Defendant


DATED: February 2, 2009                /s/
                                       ANDREW P. CAPUTO
                                       Assistant United States Attorney


IT IS SO ORDERED.


DATED:  2/6/2009                       _____
                                       MARILYN HALL PATEL
                                       United States District Judge

