UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR08-0887 EMC |
| Plaintiff, | |
| v. | **PRETRIAL ORDER FOR CRIMINAL JURY TRIAL AND BRIEFING SCHEDULE** |
| WICKETT D. MORRIS, | |
| Defendant. | |

Defendant is set to appear before District Judge Edward M. Chen for jury trial, and good cause appearing, it is hereby ordered that:

1. <u>TRIAL DATE</u>

    a. Jury trial will begin on **9/12/11 at 8:30 a.m. to 2:00 p.m. in Courtroom 5,** 17th Floor, 450 Golden Gate Avenue, San Francisco, California.

    b. The length of trial is estimated for **ten (10) days.**

2. <u>DISCOVERY</u>

    Both sides will comply with the Federal Rules of Criminal Procedure and Criminal Local Rule 16-1. The United States will comply with *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and *United States v. Agurs*, 427 U.S. 97 (1976).

3. <u>MOTIONS</u>

    a. Defendant's motion to suppress and other pretrial motions shall be noticed for hearing on **7/20/11 at 2:30 p.m.** in **Courtroom 5**, and shall be **filed and served by 6/28/11.**

1

Government's opposition shall be filed by **7/12/11**. Reply shall be filed by **7/15/11.** The Court shall determine whether an evidentiary hearing is warranted based on the briefs.

      b.      Pretrial motions (including motions *in limine*) shall be noticed and set for hearing on **8/10/11 at 3:00 p.m.** in **Courtroom 5.** The briefing schedule for all motions other than the motion to suppress shall comply with Criminal Local Rule 47-2.

    4.      PRETRIAL CONFERENCE

      a.      A pretrial conference will be held on **8/10/11 at 3:00 p.m.** in **Courtroom 5.** The attorneys who will try the case shall attend the conference and be prepared to discuss the matters set forth in Criminal Local Rule 17.1-1.

      b.      **7/27/11,** not less than two (2) weeks before the Pretrial Conference, the parties shall complete the following:

          (1)    Serve and file a pretrial statement pursuant to Crim. L.R. 17.1-1(b).

          (2)    Serve and file a trial brief setting forth the following:

                  (a)    A description of each offense charged in the case.

                  (b)    A description of all of the relevant facts upon which the parties agree.

                  (c )    A description of all of the relevant facts upon which the parties disagree.

                  (d)    A description of the law applicable to each alleged offense, including, but not limited to, a listing of the elements of each alleged offense and affirmative defense and any instructions that the Court should consider in reaching a decision in the case.

                  (e)    Points of law on any other issues relevant to the trial, including all foreseeable procedural and evidentiary issues.

          (3)    Serve and file a *joint* exhibit list in tabular form, with (a) a column that briefly describes the exhibit; (b) a column that describes for what purpose the party will offer the exhibit and identifies its sponsoring

witness; © a column that states any objections to the exhibit; (d) a column that briefly responds to the objections; and (e) a blank column for the Court's use.  Before this list is filed with the Court, the parties shall meet and confer, in person, to consider exhibit numbers, to eliminate duplicate exhibits and confusion over exhibits, and to make a good faith effort to stipulate to admissibility.  If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

(4) Serve and file a list of the witnesses that each party intends to call at the trial, not including rebuttal witnesses, setting forth for each witness the substance of their testimony.

(5) Exchange exhibits, which shall be pre-marked (plaintiff shall use numbers; defendant shall use non-duplicative consecutive numbers as agreed in advance) and tabbed.

(6) Deliver two (2) binders of all pre-marked exhibits (three hold punched) to chambers (exhibits are not to be filed).  One binder shall contain a label in the back of each exhibit with information of the case number, exhibit number, and a signature line for the clerk's signature.  Sample tags are attached as Exhibit A hereto.

(7) Serve and file proposed jury instructions on all substantive issues and on any procedural issue not adequately covered by the Court's standard instructions (i.e. the <u>Ninth Circuit Manual of Model Criminal Jury Instructions</u> (2003 ed. as amended through 2006) (also available on the Ninth Circuit website at www.ce9.uscourts.gov) shall be given absent objection: 1.1-1.12, 2.1-2.2, 3.1-3.2, 3.5-3.9, 7.1-7.6.

(a) Any instruction contained in the Ninth Circuit Model Instructions Manual may be requested by designation of its number.

|   |   |   |   |
|---|---|---|---|
| (b) | | Each other instruction shall be requested by setting forth the instruction in full text on a separate sheet with reference to supporting legal authority. |
| © | | The parties shall do the following: |
| | (I) | Meet and confer and resolve all jury instructions to the extent possible.  Parties are expected to resolve technical or semantic differences. |
| | (ii) | Prepare **one joint** set of instructions upon which the parties agree. |
| | (iii) | The parties shall submit separately only those instructions upon which there is <u>substantive</u> disagreement. Each separate instruction shall note on its face the identity of the party submitting such instruction. The party or parties objecting to an instruction shall file a written objection. The form of the objection shall be as follows: |
| | | (a) Set forth in full the instruction to which the objection is made; |
| | | (b) Provide concise argument and citation to authority explaining why the instruction is improper. |
| | | ( c) Set forth in full an alternative instruction, if any; |
| | (iv) | All instructions should be concise, understandable and neutral statements of law.  Argumentative instructions will not be given and should not be submitted. |
| | (v) | Any modifications of instructions from the Ninth Circuit Model Jury Instructions or other form instructions must identify the modifications made to the |

4

                original form instruction and the authority supporting the modification.

      (8)    Serve and lodge a proposed form of verdict and a joint set of proposed questions for jury voir dire.

    c.    **8/3/11**, not less than one (1) week prior to the Pretrial Conference, the parties shall:

      (1)    Serve and file any objections to the opposing party's witnesses, setting forth a detailed basis for each objection.

    d.    No party shall be permitted to call any witness or offer any exhibit in their case in chief that is not disclosed pursuant to this Pretrial Order, without leave of Court for good cause shown, consistent with defendant's right to an effective defense.

    e.    All motions *in limine* shall be noticed in accordance with Criminal Local Rule 47-2 and heard at the Pretrial Conference.

    5.    <u>CHALLENGES</u>

The procedure for exercising peremptory challenges in Criminal Local Rules 24-2 and 24-3 will be observed absent objection by the parties.

    6.    <u>COPIES</u>

Each document filed or lodged with the Court must be accompanied by a copy for use in the Judge's chambers.

    7.    <u>CHANGE OF PLEA</u>

Counsel shall give prompt notice to the United States Attorney and to the Court of any intention to change a previously entered not guilty plea. A written plea agreement must be submitted at least one (1) day in advance of the plea.

///

///

8. Jury instructions, proposed form of verdict, and requested voir dire shall also be submitted to Chambers in Word or WordPerfect format on a floppy disk.

Dated:   June 30, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge

# **EXHIBIT A**

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
|---|---|---|
| Case Number: | Case Number: | Case Number: |
| PLTF / DEFT EXHIBIT NO._____ | PLTF / DEFT EXHIBIT NO._____ | PLTF / DEFT EXHIBIT NO._____ |
| Date Admitted:_____ | Date Admitted:_____ | Date Admitted:_____ |
| By:_____ | By:_____ | By:_____ |
| Betty Lee, Deputy Clerk | Betty Lee, Deputy Clerk | Betty Lee, Deputy Clerk |

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
|---|---|---|
| Case Number: | Case Number: | Case Number: |
| PLTF / DEFT EXHIBIT NO._____ | PLTF / DEFT EXHIBIT NO._____ | PLTF / DEFT EXHIBIT NO._____ |
| Date Admitted:_____ | Date Admitted:_____ | Date Admitted:_____ |
| By:_____ | By:_____ | By:_____ |
| Betty Lee, Deputy Clerk | Betty Lee, Deputy Clerk | Betty Lee, Deputy Clerk |

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
|---|---|---|
| Case Number: | Case Number: | Case Number: |
| PLTF / DEFT EXHIBIT NO._____ | PLTF / DEFT EXHIBIT NO._____ | PLTF / DEFT EXHIBIT NO._____ |
| Date Admitted:_____ | Date Admitted:_____ | Date Admitted:_____ |
| By:_____ | By:_____ | By:_____ |
| Betty Lee, Deputy Clerk | Betty Lee, Deputy Clerk | Betty Lee, Deputy Clerk |